**F.W. MYERS & CO., INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 83-3-00477.**

United States Court of International Trade.

Jan. 16, 1985.

691, 706–11 (1975).

Bedros Odian, Buffalo, N.Y., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Barbara M. Epstein, New York City, for defendant.

FORD, Judge:

This action involves the classification of air inlets and end kits imported from Canada and entered at the Port of Champlain-Rouses Point, District of Ogdensburg, New York. Plaintiff contests the denial of a timely protest filed with respect to the merchandise at issue. Jurisdiction is pursuant to 19 U.S.C. § 1514(a) and 28 U.S.C. § 1581(a).

The parties are before the Court on cross-motions for summary judgment. The subject merchandise was originally classified by the Customs Service under item 657.25, Tariff Schedules of the United States (TSUS), and assessed with duty at a rate of 8.6 percent *ad valorem*. Subsequent to the filing of this action, defendant abandoned its classification and, by amending its answer, concluded the merchandise is more specifically provided for under item 653.00, TSUS, also dutiable at 8.6 percent *ad valorem*.

Plaintiff contends the articles involved are properly subject to classification alternatively under TSUS item 666.00, item 870.-40, or item 870.45, and thereby entitled to duty-free treatment. These provisions cover, in general, agricultural machinery, equipment, implements and parts thereof. Plaintiff further argues the Customs Service is required to classify identical merchandise the same in all Customs Districts pursuant to Section 8, Article I of the United States Constitution. Defendant maintains its amended claim of classification and assessment of duties is correct and proper.

The statutory provisions pertinent to this matter provide as follows:

Tariff Schedules of the United States, 19 U.S.C. § 1202

Schedule 6, part 3, subpart F, item 653.00:

Hangars and other buildings, bridges, bridge sections, lock-gates, towers, lattice masts, roofs, roofing frameworks, door and window frames, shutters, balustrades, columns, pillars, and posts, and other struc-

tures and parts of structures, all the foregoing of base metal:
Of iron or steel:

\*     \*     \*     \*     \*     \*     \*

653.00     Other .....................

Schedule 6, part 4, subpart C, headnote 1:

The provisions of item 666.00 for "agricultural and horticultural implements not specially provided for" do not apply to any of the articles provided for in schedule 6, part 2, part 3 (subparts A through F, inclusive), part 5 (except item 688.45), or part 6, or to any of the articles specially provided for elsewhere in the tariff schedules, but interchangeable agricultural and horticultural implements are classifiable in item 666.00 even if mounted at the time of importation on a tractor provided for in part 6B of this schedule.

Item 666.00:

Machinery for soil preparation and cultivation, agricultural drills and planter, fertilizer spreaders, harvesting and threshing machinery, hay or grass mowers (except lawn mowers), farm wagons and carts, milking machines, on-farm equipment for the handling or drying of agricultural and horticultural implements not specially provided for, and parts of any of the foregoing... Free

Schedule 8, part 7, headnote 2:

The provisions of items 870.40 and 870.45 do not apply to—

(i) articles of textile materials; articles provided for in schedule 5; articles of leather or of fur on the skin;

(ii) articles provided for in schedule 6, part 2, part 3 (subparts A through F except items 652.13 through 652.38, inclusive, 652.84, 652.88, 653.00 and 653.01), part 5 (except item 688.45) or part 6, but interchangeable agricultural and horticultural implements are classifiable in item 870.40 even if mounted at the time of importation on a tractor provided for in part 6B of schedule 6;

(iii) ball or roller bearings, including such bearings with integral shafts, and parts thereof, provided for in part 6B of schedule 6;

(iv) articles provided for in item 666.00

Item 870.40:

Machinery, equipment, and implements to be used for agricultural or horticultural purposes ............................ Free

Item 870.45:

Parts to be used in articles provided or in item 666.00, whether or not such parts are chiefly used as parts of such articles and whether or not covered by a specific provision within the meaning of general interpretative rule 10(ij) .................... Free

19 U.S.C. § 1202, general interpretative rule 10(ij):

(ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not prevail over a specific provision for such part.

Clause 1, Section 8, Article I, U.S. Constitution:

The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the Common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States.

The imported merchandise consists of air inlets and end kits, including pallets, pallet doors, frames, hardware and rods, which together form a manually operated mechanism used to control the flow of air into poultry barns. Merchandise identical to that which is the subject of this action was entered and classified variously under TSUS items 666.00, 870.40, and 870.45, at the Port of Highgate Springs, District of St. Albans, Vermont. The issues before the Court, therefore, concern not only the proper classification of the merchandise but whether the Customs Service is required to classify identical merchandise the same in all Customs Districts.

Plaintiff's initial challenge to the Government's amended claim of classification focuses on the legislative history of TSUS items 870.40 and 870.45 which, plaintiff argues, requires the imported merchandise be accorded duty-free status. In support of this proposition plaintiff offers three alternative classifications. Item 870.40, TSUS, provides duty-free status for "machinery, equipment, and implements to be used for agricultural * * * purposes." Item 666.00, TSUS, gives similar treatment to "machinery, * * * on-farm equipment for the handling and drying of agricultural * * * products, and agricultural * * * implements not specifically provided for, and parts of any of the foregoing." TSUS item 870.45 ad-

mits duty-free "[p]arts to be used in articles provided for in item 666.00 * * *."

■ Defendant maintains the merchandise at issue is specifically provided for in TSUS item 653.00 as "parts of structures" and as a matter of law is thereby precluded from classification under plaintiff's claimed alternative classifications.

It is undisputed that the articles involved in this case are parts of structures, mostly steel, and thus described by TSUS item 653.00. The parties similarly agree the imported merchandise is chiefly and actually used in poultry barns. The issue to be resolved, therefore, is whether the subject merchandise is more appropriately provided for by any of plaintiff's claimed classifications. For the reasons set forth herein, the Court finds for the defendant.

The merchandise involved herein is not classifiable under TSUS item 870.40 since it consists of parts of structures and is not machinery, equipment, or implements.[1] In much the same manner, the imported articles are not provided for under TSUS item 666.00, as they are not machinery, on-farm equipment, implements, or parts thereof. While plaintiff asserts the importation is comprised of parts of articles provided for under TSUS item 666.00 (presumably as parts of on-farm equipment), it fails to demonstrate how a poultry barn fits within the meaning of this provision. Furthermore, the applicable headnote (Headnote 1, Subpart C, Part 4 of Schedule 6, *supra* ), specifically exempts from coverage under TSUS item 666.00 those articles which are

provided for in Schedule 6, Part 3, Subpart F, which includes TSUS item 653.00. Item 870.45, TSUS, covering parts used in articles provided for in TSUS item 666.00, is thus inapplicable for the same reasons.

Plaintiff astutely points to the double negative contained in Headnote 2(ii), Part 7 of Schedule 8 in arguing the applicability of TSUS items 870.40 and 870.45. However, while those provisions can be applied to articles classified under TSUS item 653.00, the plain language of TSUS items 870.40 and 870.45 does not, in this instance, permit their application to the subject merchandise, which is neither machinery, equipment, or implements nor parts used in articles provided for in item 666.00, TSUS.

■ This interpretation is further supported by the legislative history of the Trade Agreements Act of 1979. In construing a statute, it is the duty of the Court to effect the intention of the legislature, which is to be searched for in the words employed and the legislative history. The first source for the determination of that intent is the statutory language, presumed to be used in its normal sense. *United States v. Esso Standard Oil Co.*, 42 CCPA 144, 151, C.A.D. 587 (1955). In the present case, the imported articles clearly fall within the category of merchandise described by TSUS item 653.00 and just as clearly are not described under any of plaintiff's claimed classifications. Moreover, examination of the legislative history of those items [2] reveals that inclusion thereunder is

---

**1.** It is well-established this type of merchandise does not constitute "machinery, equipment, or implements" within the context of the tariff provisions. See e.g. *Simon, Buhler Baumann Inc. v. United States*, 8 CCPA 273 (1918); *Liberty Lace & Netting Works v. United States*, 15 Cust.Ct. 180, C.D. 968 (1945); *Staalkat of America, Inc. v. United States*, 59 Cust.Ct. 241, C.D. 3130, *affirmed*, 417 F.2d 789, 56 CCPA 86 (1967); *Great Western Sugar Co., Railway Express Agency, Inc. v. United States*, 64 Cust.Ct. 127, C.D. 3971, *affirmed*, 452 F.2d 1394, 59 CCPA 56 (1970).

The terms "machinery", "equipment", and "implement" are defined in *Webster's Third International Dictionary*, 1963 edition, at 1354, 768, and 1134, respectively, as follows:

Machinery * * * 1b: the constituting parts of a machine.

*Equipment* * * * 2a: the physical resources serving to equip a person or thing * * * as (1): the implements (as machinery or tools) used in an operation or activity: APPARATUS * * * (2): all the fixed assets other than land and building of a business enterprise * * * (b) a collection of such equipment.

*Implements* * * * 1a: an article * * * serving to equip. b: a tool or utensil forming part of equipment for work.

**2.** The legislative history of TSUS items 870.40 and 870.45, found at S.Rep. No. 96–249, 96th Cong. 1st Sess. 183 (1979) and H.R.Doc. No. 96–153, Part II, 96th Cong., 1st Sess. 503 (1979), reads in part:

predicated upon classification under TSUS item 666.00, the distinguishing feature of the newer provisions being the elimination of the distinction between "chief" and "actual" use in agriculture. This distinction need not be reached here, as the merchandise in the case at bar does not fall under TSUS item 666.00 for the reasons previously noted.

■ The Court is cognizant of the longstanding intent of Congress to interpret the agricultural provisions of the Tariff Schedules liberally. In this instance, however, the Court is bound to an interpretation which follows the specific language of the provisions involved. Additionally, in light of the information before the Court, it does not appear that Congress intended to encompass articles of this nature in the newer provisions enacted in the Trade Agreements Act of 1979. The amended claim of classification under TSUS item 653.00 is therefore correct.

■ Plaintiff's remaining argument asserts the Customs Service must classify identical merchandise under the same TSUS provisions in all Customs Districts. Because articles identical to the subject merchandise were assessed under duty-free provisions at a different port, plaintiff contends its merchandise should be reliquidated and assessed in accordance with the assessment made at the Port of Highgate Springs.

This argument fails to consider that, by protesting the classification of its merchandise and bringing this action, plaintiff is ensuring uniformity of classification for this merchandise henceforth. Plaintiff has followed the statutorily mandated procedures for resolving the issue of proper classification. The fact that identical merchandise was classified differently at an-

other port has no bearing on the proceedings before this Court. There is no evidence the Customs Service made the assessment in this case with the knowledge of any contrary assessments. As Judge Boe noted in *PPG Industries, Inc. v. United States,* 4 C.I.T. 143 (1982):

> Clearly, the Congress did not intend to impose upon Customs officials across the Nation, who must handle thousands of entries each week, an obligation to ferret out information as to the duty-free character not only those entries entered within his own district but also with respect to entries of similar character in other districts, particularly where the information regarding such merchandise and the use thereof is singularly within the knowledge of the importer.... The very justification for conferring upon this court, formerly the United States Customs Court, national jurisdiction is to assure uniformity in the application of the Customs laws throughout the United States where, as recognized, the administrative determinations in the respective Customs districts and regions may conflict due to error in construction or lack of individual knowledge of the facts. [P. 148.]

There is no reason, therefore, for the Court to adopt contrary assessments made at a different port and thus subrogate the contested resolution of the classification issue set forth herein. For the foregoing reasons, plaintiff's motion for summary judgment is denied; defendant's cross-motion for summary judgment is granted, and the action is hereby dismissed. Judgment will be entered accordingly.

---

"New item 870.40 will permit duty-free entry of articles described in item 666.00 which are not classified thereunder because their chief use is not in agriculture or horticulture. Item 870.40 will, therefore, permit duty-free entry of articles described in TSUS item 666.00 the actual use of which is in agriculture or horticulture. * * * New item 870.45 will permit duty-free entry of parts which would be classi-

fied under item 666.000 but for the existence of a TSUS provision covering those parts which is more specific than item 666.00 * * * This amendment will override headnote 10(ij) to the extent it excludes from the term "parts" in a TSUS provision parts which are specifically provided for in another TSUS provision."